IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>VERNON WHITE,<br>        Defendant. | Case No. 11-cr-00366-MMC-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO STAY PETITION; SETTING BRIEFING SCHEDULE**<br>Re: Dkt. No. 42 |

        Before the Court is the government's "Motion to Stay Petition under 28 U.S.C. § 2255," filed June 29, 2016. Defendant Vernon White has filed opposition, to which the government has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

        By indictment filed June 7, 2011, defendant was charged with two felony offenses, bank robbery and escape from custody. He pleaded guilty to both charges, and the Court thereafter imposed a prison term of 120 months. In sentencing defendant, the Court determined that, under the United States Sentencing Guidelines ("U.S.S.G."), the applicable guideline range was 151-188 months. In calculating the range, the Court found defendant was a "career offender," based on defendant's current offense of bank robbery, which the Court found was a "crime of violence" that he committed when he was at least eighteen years of age and after he had sustained two prior convictions for robbery. See U.S.S.G. § 4B1.1(a) (providing defendant is "a career offender" where "defendant was at least eighteen years old at the time defendant committed the instant offense," that the instant offense is "a crime of violence," and "the defendant has at least two prior felony convictions of . . . a crime of violence").

On June 3, 2016, defendant filed a motion for relief under § 2255, in which he argues he was denied due process at sentencing and should be resentenced. Specifically, defendant challenges as unconstitutional the "residual clause" (see Def.'s Mot. at 5:21-22) set forth below in italics, found in the following guideline defining the term "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

See U.S.S.G. § 4B1.2(a) (emphasis added). The term "crime of violence," in turn, is, as noted above, found in the guideline defining "career offender." See U.S.S.G. § 4B1.1(a).

Defendant contends his sentence was "imposed under the residual clause" (see Def.'s Mot. at 18:16), and that said clause is unconstitutional given the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional the "residual clause" contained in a section of the Armed Career Criminal Act defining the term "violent crime." See 18 U.S.C. § 924(e)(2)(B). Additionally, defendant, again citing Johnson, argues that, although robbery is listed as an example of a "crime of violence" in the commentary to U.S.S.G. § 4B1.2(a), the commentary cannot expand the scope of the guideline term.

In its motion for a stay, the government points out that the very issues presented by defendant's § 2255 motion are presently pending before the Supreme Court. Specifically, on June 27, 2016, the Supreme Court granted a petition for a writ of certiorari in Beckles v. United States, which petition presents the following three issues: (1) "[w]hether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "[w]hether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral

1  review"; and (3) "[w]hether mere possession of a sawed-off shotgun, an offense listed as
2  a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of
3  violence' after Johnson." See Beckles v. United States, 2016 WL 1029080 (June 27,
4  2016).

5  The Ninth Circuit has held that "[a] trial court may, with propriety, find it is efficient
6  for its own docket and the fairest outcome for the parties to enter a stay of an action
7  before it, pending resolution of independent proceedings which bear upon the case."
8  See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).
9  Here, resolution of Beckles will do more than "bear upon the case"; indeed, the outcome
10 would appear determinative of defendant's § 2255 motion, barring any argument the
11 government might make in response thereto independent of the residual clause.

12 The Ninth Circuit nonetheless has cautioned that a stay should not be granted
13 "unless it appears likely the other proceedings will be concluded within a reasonable time
14 in relation to the urgency of the claims presented to the court." See id. at 864.  The Ninth
15 Circuit has held, for example, that a stay should be not granted if the length of the time is
16 "indefinite" or "potentially lengthy."  See Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000)
17 (reversing order staying proceedings on petition for writ of habeas corpus, where period
18 of stay was "potentially for years").  Here, however, the anticipated length of the stay is
19 neither indefinite nor potentially lengthy, as the Supreme Court has scheduled the
20 Beckles case for argument in its October 2016 term, which begins in less than three
21 months.[1]  Indeed, as the government points out, the Ninth Circuit itself has recently
22 stayed two cases pending before it, each of which presents the issue of whether the
23 holding in Johnson applies to defendants seeking collateral review based on a theory that
24 the residual clause in U.S.S.G. § 4B1.2 is unconstitutional.  See Gardner v. United

---

[1]Defendant points out that, given its present eight-member composition, the Supreme Court could render a 4-4 decision, thereby failing to issue a precedential decision in Beckles.  Any such possibility appears remote, however, given that Justice Kagan has recused herself from the matter.  See Beckles, 2016 WL 1029080, at *1.

3

1  States, Case No. 15-72559, slip op. at 1 (9th Cir. June 27, 2016); Jacob v. United States,
2  Case No. 15-73302, slip op. at 1 (9th Cir. June 27, 2016).
3        The Court next considers whether imposition of a stay would unfairly prejudice
4  defendant.  See Yong, 208 F.3d at 1121.  Defendant asserts that, to date, he has served
5  61 months in custody and, further, if his § 2255 motion is granted, he intends to argue the
6  guideline range should be 57-71 months and that the Court should consider a variance
7  below said range.  The Court, however, finds defendant would not be prejudiced by a
8  stay, as it does not appear that, at this time, he is able to overcome the obstacle
9  presented by the one-year statute of limitations contained in § 2255.  In particular, where,
10 as here, a defendant moves for collateral review based on a change in the law, he may
11 do so within a year of the "date on which the right asserted was initially recognized by the
12 Supreme Court" and only if that right is "made retroactively applicable to cases on
13 collateral review."  See 28 U.S.C. § 2255(f)(3).  In this instance, as the Ninth Circuit has
14 observed, "[i]t is an open question . . . whether [U.S.S.G. § 4B1.2(a)'s] residual clause
15 remains valid in light of Johnson," see United States v. Willis, 795 F.3d 986, 996 (9th Cir.
16 2015), and, as discussed above, the Supreme Court has yet to determine that unsettled
17 issue.  Moreover, as the very existence of the right is unsettled, it is apparent that no
18 such right has been found retroactively applicable to cases on collateral review.
19       Accordingly, the government's Motion to Stay is hereby GRANTED.
20       In light of said ruling, the Court hereby sets the following briefing schedule on
21 defendant's § 2255 motion:
22       1.  No later than 30 days after issuance of the Supreme Court's decision in
23 Beckles, the government shall file its opposition or other response to defendant's
24 § 2255 motion.
25 //
26 //
27 //
28 //

2. No later than 21 days after the government files its opposition or response, defendant shall file his reply.

**IT IS SO ORDERED.**

Dated: July 8, 2016

                                           MAXINE M. CHESNEY
                                           United States District Judge